**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
                                  :
ANTHONY THOMAS SAVAGE,            :
                                  :    Civil Action No. 14-3607(NLH)
             Plaintiff,           :
                                  :
        v.                        :    MEMORANDUM OPINION
                                  :
ATLANTIC COUNTY JUSTICE           :
FACILITY, et al.,                 :
                                  :
             Defendants.          :
                                  :
```

**APPEARANCES:**

Anthony Thomas Savage
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ  08302
     Plaintiff  pro se

**HILLMAN,** District Judge

     Plaintiff Anthony Thomas Savage, a prisoner confined at
South Woods State Prison in Bridgeton, New Jersey, seeks to
bring this civil action in forma pauperis, without prepayment of
fees or security, asserting claims pursuant to 42 U.S.C. ' 1983.

     Pursuant to Local Civil Rule 54.3, the Clerk shall not be
required to enter any suit, file any paper, issue any process,
or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. ' 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. ' 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. ' 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month

2

period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows.  28 U.S.C. ' 1915(b)(1).  In each month that the amount in the prisoner=s account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner=s account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month=s income credited to the prisoner=s account.  28 U.S.C. ' 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. ' 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. ' 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. ' 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of

it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. ' 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. ' 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Hairston, Sr. v. Gronolsky, 348 F.App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F.App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same).  See also Rohn v. Johnston, 415 F.App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

More specifically, here, Plaintiff's Complaint and Application for leave to proceed in forma pauperis are both

dated June 2, 2014.  Plaintiff asserts that he was confined at
the Central Reception and Assignment Facility for an unspecified
period of time ending February 12, 2014, after which he was
confined at South Woods State Prison.  Plaintiff has attached,
to his Application for leave to proceed in forma pauperis,
uncertified partial institutional account statements from
Central Reception and Assignment Facility for the period from
February 13, 2014, to May 15, 2014.  These account statements
include only the "Debts and Loans Summary" and the "Obligations
Summary," but do not include the itemized daily transactional
history of deposits and spending; thus, they are not complete.
In addition, Plaintiff states that he requested an account
certification and certified copy of his account statement from
the business office at South Woods State Prison on May 23, 2014,
but had not received a reply by June 2, 2014, ten days later,
and he asserts that, therefore, he should be relieved of the
obligation to obtain the required certification out of fear of
retaliation.

        This submission does not comply with the requirements of
§ 1915.  The account statements submitted are incomplete with
regards to both the time frame and the scope of information
included.  Plaintiff has presented no facts to substantiate a
fear of retaliation; to the contrary, the failure of the
business office to respond within ten days, with no allegation

that Plaintiff made further enquiries, is not sufficient even to establish refusal to comply with Plaintiff's request for certified institutional account statements.  Nor does Plaintiff make any attempt to explain why he did not obtain statements from other institutions going back the full six months, to December 2, 2013.  Plaintiff must make a more complete attempt to acquire the statements.

To the extent Plaintiff continues to assert that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff=s request for a certified institutional account statement and the correctional officials= refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, Plaintiff=s application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the

complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 30 days.

An appropriate Order will be entered.


At Camden, New Jersey                    s/ Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated:  November 26, 2014

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).